**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHEN DISTRICT OF OHIO**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>VS.<br><br>MARDOQUEO HERNANDEZ-GOMEZ,<br><br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | JUDGE JOHN R. ADAMS<br>NO.: 1:25-CR-00002-001 |

**DEFENDANT'S SENTENCING MEMORANDUM**

**COMES NOW** the Defendant, Mardoqueo Hernandez-Gomez, (hereinafter "Defendant" or "Defendant Hernandez-Gomez"), by and through Leif B. Christman, his undersigned counsel of record in this cause, and pursuant to Federal Rule of Criminal Procedure 32 and L. Cr. R. 32.2, respectfully submits the following Sentencing Memorandum inclusive of the significant issues for the Defendant's sentencing in this matter:

**INTRODUCTION**

On January 7, 2025, Defendant Hernandez-Gomez was named in a two-count Indictment. On April 16, 2025, Defendant pled guilty to the two counts of the Indictment, which charged him with: Count 1) – False Claim of Citizenship to Obtain a Federal or State Benefit, pursuant to 18 U.S.C. § 1015(e); and Count 2) – Misue of a Social Security Number, pursuant to pursuant to 42 U.S.C. § 408(a)(7)(B). In addition, there is no Rule 11 plea agreement in this case. The Defendant has also shown and demonstrated his acceptance of responsibility in this cause. *See* PSR, ¶ 15,

Page ID 72. Defendant is currently set for Sentencing by this Honorable Court on Wednesday, July 30, 2025 at 10:30 a.m.

## APPLICABLE STANDARD

Since *United States v. Booker* 543 U.S. 220 (2005), it is now well established that the mandatory application of the United States Sentencing Guidelines is no longer the appropriate standard for sentencing purposes. As reminded more recently in *Irizarry v. United States*, 128 U.S. 2198, 2203 (2008) (citing *United States v. Vega-Santiago*), "[s]entencing is a fluid and dynamic process…" "The sentencing judge is in a superior position to find facts and judge their import under §3553 in the individual case…" *See Gall v. U.S.*, 552 U.S. 38 (2007)(quotations omitted). Moreover, "[i]t is has been uniform and constant in the federal judicial tradition for the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and punishment to ensue. *Gall*, 552 U.S. at 53 (quoting *Koon v. United States,* 518 U.S. 81, 113 (1996)).

## DEFENDANT'S SENTENCING POSITIONS

### Defendant's Guideline Calculation

Defendant's base offense level is a 6 pursuant to section 2B1.1, and is enhanced by 6 due to the subsection 2B1.1(b)(11)(i). Defendant is not classified as a leader or organizer, and Defendant has acknowledged and accepted responsibility for his actions under these charges, which aids the Government in further prosecutions. Furthermore, the Government does not object to a reduction for acceptance of responsibility. Moreover, Defendant has accepted responsibility for his actions and should receive a two (2) level reduction of his offense level under USSG

3E1.1(a). As a result, Defendant Hernandez-Gomez would have a total offense level of 10. (*See* PSR, ¶¶ 26, Page ID 73).

**18 U.S.C. §3553 Factors**

Ever since the Supreme Court's decision in the *United States v. Booker*, 543 U.S. 220 (2005), the Federal Sentencing Guidelines have no longer been mandatory, but rather are advisory with respect to a District Court's decision in fashioning an appropriate sentence. The Guidelines are merely a "starting point and the initial benchmark" in the Court's search for an appropriate sentence. *Gall v. United States*, 552 U.S. 38 (2007). In *Kimbrough v. United States*, 128 S.Ct. 558 (2007), the Supreme Court pointed out that the Sentencing Reform Act, as modified by its decision in *Booker* "contains an overarching provision instructing District Courts to impose a sentence sufficient, but not greater than necessary to accomplish the goals of sentencing." *Id.* at 570. This provision must be honored through reference to all of the factors set forth under 18 U.S.C. § 3553(a). As such, consideration of the Sentencing Guidelines is just but one factor for the Court to consider when exercising its tremendous discretion in determining the appropriate sentence.

Undoubtedly, the offense before the Court is a serious offense and Defendant has accepted responsibility for his involvement with same. *See* PSR ¶ 15, Page ID 72. Specifically, Defendant stated the following:

> *I accept full responsibility for my actions in this case. I am responsible for the conduct alleged in my indictment to which I pled guilty. I wish for this Honorable Court to know that I only obtained the fraudulent identification in order to be able to work in this country. I realize that it was illegal for me to enter the country without proper documentation. I know that I face certain deportation and it is my desire to complete the sentence this Court imposes as soon as possible so that I may get back to work and support my family. I accept responsibility for my actions.*
>
> */s/ Mardoqueo Hernandez-Gomez, June 19, 2025*
>
> *See* PSR ¶ 15, Page ID 72.

In reviewing the documentation provided in the Presentence Report, it is clear that Defendant readily admitted his role as to the offense and did not attempt to obstruct justice in this matter. Additionally, Defendant attempts to maintain a degree of civility while dealing with past decisions. Moreover, it appears undisputed that, as the PSR reflects, Defendant has no pending charges, or ongoing criminal activity that jeopardizes society, the community, or his ability to make better decisions going forward.

What is more, the probation officer learned (*See* paragraphs 41-61) is that Defendant's circumstances and decisions resulted in poor decisions in terms of his overall development, but Defendant has made strives to improve his situation.

It is revealed that Mr. Hernandez-Gomez is a 42-year-old husband and father of four children who has spent much of his adult life working tirelessly to support his family. As the Presentence Report outlines, he grew up in impoverished conditions in rural Guatemala, where opportunities for education and employment were scarce, but his mother provided to her children what she could. (*See* paragraph nos. 42-44 of the PSR Report, Page ID 77-78). He immigrated to the United States in search of stability and a better future for his family.

Despite lacking formal education, Mr. Hernandez-Gomez built a modest but stable life through honest work in the construction and landscaping sectors. He is widely regarded as a dependable, family-oriented man by his community and employer. His deep remorse for his conduct is evident and sincere, and he has expressed a commitment to live within the bounds of the law moving forward.

He is a devoted father to four minor children, ranging in age from 4 to 11 years old. (*See* paragraph no. 47 of the PSR Report, Page ID 78). He lived with his partner and children in a modest household, where he has served as the primary breadwinner. His family and friends

describe him as hardworking, calm, and humble. He is not a danger to the community and is capable of successful rehabilitation. In short, Defendant is now thirty-one (31) years old and has experienced good familial ties, which he maintains and states his family is close-knit, but Mr. Hernandez-Gomez admits he has had poor lapses in judgment. His life has been one where his environment and circumstances have resulted in him making poor decisions as a result of his own actions, but they do not define him.

Mr. Hernandez-Gomez pled guilty and has cooperated fully with authorities during the investigation and accepted responsibility at the earliest opportunity. He has not attempted to minimize his culpability or shift blame. Importantly, this offense did not involve violence or narcotics. Mr. Hernandez-Gomez's conduct, while serious, was not motivated by greed or malice but by desperation to support his family. The Court should consider these nuances when evaluating his culpability and the need for further incarceration. His poor decisions, which he acknowledges, are from a man who sought opportunity to work to provide for himself and his family. A noble pursuit. Admittedly, he pursued it the wrong way, but he recognizes his mistakes and wants to do things right. Hence, Defendant would respectfully submit that much of his lapse in judgment may be attributable to his youth and his lack of guidance.

Under 18 U.S.C. § 3553(a), the Court must impose a sentence sufficient, but not greater than necessary, to comply with the statutory purposes of sentencing. Mr. Hernandez-Gomez respectfully submits that a downward variance is warranted based on the above and following factors:

- **Nature and Circumstances of the Offense (§ 3553(a)(1))**: Although the offense is serious, it was nonviolent, involved no quantity of narcotics, and lacked aggravating conduct such as weapons, gang affiliation, or recidivism.

- **History and Characteristics of the Defendant (§ 3553(a)(1))**: Mr. Hernandez-Gomez has virtually no criminal history, strong family ties, and an unblemished work record.
- **Need for the Sentence to Reflect Seriousness and Promote Deterrence (§ 3553(a)(2))**: Mr. Hernandez-Gomez has already been deterred by the trauma of federal prosecution and the impact on his family. A lengthy custodial sentence is not necessary to promote general deterrence, particularly in light of his low risk of reoffending.
- **Need to Avoid Unwarranted Sentencing Disparities (§ 3553(a)(6))**: As compared to similarly situated first-time, nonviolent offenders, a guideline sentence would be overly punitive. Courts within the Sixth Circuit have routinely recognized that mitigating personal factors can support a variance from the guideline range (see *United States v. Presley*, 547 F.3d 625, 631 (6th Cir. 2008)).
- **Need to Provide Educational or Vocational Training (§ 3553(a)(2)(D))**: Mr. Hernandez-Gomez is eager to pursue vocational training and contribute meaningfully to society. A more balanced sentence could facilitate his rehabilitation outside of prolonged incarceration.

Finally, in terms of the circumstances of the instant offense, what is apparent is that this arose not from violence, but from poor judgment from a young man. Defendant readily admitted to the offense charged and takes responsibility for his actions.

In light of the foregoing, Defendant requests that the Court consider Defendant's mitigating circumstances for the reasons cited herein and made during the Defendant's sentencing. It is undisputed that, as the PSR reflects, Defendant has made mistakes and he readily acknowledges them. While Defendant has his mind set to make substantial strides in completing working and

maintaining his avoidance of breaking the law, he still is mindful that his choices have consequences, making the need for rehabilitation significant in this case.

Concluding, if given the opportunity, Defendant can correct his behavior and develop a plan to avoid a legacy of criminal conduct. Defendant's choices have brought him to this Court, but his willingness to do better and to do honest work, particularly attest to Defendant's positive attributes and his amenability to correct his behavior and to do good things in society. His mentality, coupled with his work ethic and desire to provide for his family, support a lenient sentence on the low end of the guidelines.

In summary, Defendant requests if this Court sentences Defendant to a period of incarceration, Defendant requests that this Court, as dictated in *United States v. Booker*, to impose a sentence sufficient, but not greater than necessary to accomplish the goals of sentencing." *United States v. Booker*, 543 U.S. 220 (2005). He respectfully asks the Court to sentence him accordingly, taking into account all of the above factors, and those to be articulated at the hearing in this cause.

**RESPECTFULLY SUBMITTED,**

s/ Leif B. Christman
Leif B. Christman (#0070014)
**LEIF B. CHRISTMAN, CO.**
55 Public Square, Suite 2100
Cleveland, Ohio 44113
216-241-5019
lbchristman@hotmail.com
*Attorney for Defendant*

**CERTIFICATE OF SERVICE**

The undersigned certifies that a true and correct copy of the foregoing Sentencing Memorandum has been filed via ECF to the Court's chambers with a copy served via ECF to Jennifer J. King, Assistant United States Attorney, this the 25th day of July, 2025.

s/Leif B. Christman
Leif B. Christman